IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN WILHELM, and APRIL WILHELM<br><br>Defendant. | CR 20–36–BU–DLC<br><br><br><br>ORDER |

Before the Court is the Defendants' Motion to Terminate Probation. (Doc. 56.) The Wilhelms ask this Court to prematurely terminate the remainder of their probationary term. (*Id.* at 2.) The United States opposes the motion. (Doc. 58.) The Court held a hearing on the motion (Doc. 61), and, for the reasons stated herein, will grant the motion.

Federal law permits this Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," to prematurely terminate a probationary term when "such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). The only statutory prerequisite is expiration of at least one year of the probationary term. *Id.* The relevant § 3553(a) factors generally include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training

1

or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (construing the factors applicable to the early termination of supervised release). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of probation context. *See United States v. Emmett*, 749 F.3d 817, 821 (9th Cir. 2014) (applying this standard to early termination of supervised release motions).

The Wilhelms were each convicted of one count of attempted tax evasion, in violation of 26 U.S.C. § 720, and, on March 12, 2021, the Court imposed a sentence of 3 years probation. (Docs. 34; 36.) Because over a year of this term has elapsed, the Wilhelms are statutorily eligible for the premature termination of their probationary term. The Wilhelms argue the relevant factors support terming them out based on their post-sentence commitment to public service, compliance with the terms of probation, lack of criminal history, and acceptance of responsibility. (Doc. 56 at 2–5.) The United States opposes prematurely terminating their probation arguing that their mere compliance with the terms of probation is insufficient, and there must be some change in circumstances or exceptionally good behavior. (Doc. 58 at 3–6.) The Court agrees with the Wilhelms.

First, the Court finds the United States seeks to erect artificial barriers to the premature termination of supervised release by arguing there must be a change in circumstances or exceptionally good behavior.  Binding Ninth Circuit precedent establishes that these judicially created conditions are "incorrect as a matter of law," *United States v. Ponce*, 22 F.4th 1045, 1046–48 (9th Cir. 2022), and this Court will confine its analysis to the plain language of 18 U.S.C. § 3564(c).  Recall this statute directs this Court to consider any relevant § 3553(a) factors, the defendants' conduct, and the interests of justice.  This statute does not limit relief to situations where there is a change in circumstances or exceptionally good behavior.

Second, the Court finds that consideration of the relevant § 3553(a) factors, the Wilhelms' conduct, and the interests of justice, all support prematurely terminating the Wilhelms' remaining probationary term.  The parties are familiar with the nature and circumstances of the offense wherein the Wilhelms unlawfully evaded their federal tax obligations.  While this offense conduct is serious, the Wilhelms' acceptance of responsibility is commendable.  The Court does not find anything in the record supporting the notion that denying the Wilhelms' motion is necessary to deter criminal conduct, protect the public, or provide any necessary training or medical care.  *Gross*, 307 F.3d at 1044.

The Wilhelms' conduct while on probation only confirms this

understanding. As previously noted by this Court, the Wilhelms have spent a substantial portion of their probationary term serving others both in their communities and abroad. (Doc. 53 at 2.) They have been fully compliant with the terms of their probation, and they have no outstanding restitution obligation. In the final analysis, the interests of justice are not furthered by having the Wilhelms serve the remainder of their probationary term. As such, the Court will grant the motion.

Accordingly, IT IS ORDERED the motion (Doc. 56) is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3564(c), the Wilhelms' remaining probationary terms are TERMINATED.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 27th day of April, 2022.

_____
Dana L. Christensen, District Judge
United States District Court